UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RIVAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br><br>　　　　　Defendants. | **1:18-cv-01290 JLT (PC)**<br><br>**ORDER TO ASSIGN A DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff has filed a complaint asserting claims against the Director of the California Department of Corrections and Rehabilitation. (Doc. 1.) Generally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

1

## I. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff was a state inmate housed at California State Prison in Avenal, California. He names as defendants the Director of the California Department of Corrections and Rehabilitation and the Los Angeles County Superior Court. Plaintiff's allegations can be fairly summarized as

follows:

In March 2018, plaintiff filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, Case No. LA083211. When that petition was denied, plaintiff appealed to the California Court of Appeal, Second Appellate District, which was assigned Case No. B291009.

On July 13, 2018, the California appellate court issued the following order:

> TO THE SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION: The petition for writ of habeas corpus filed June 29, 2018 has been read and considered. Good cause appearing, you are hereby ordered to: SHOW CAUSE before the Superior Court of the County of Los Angeles, when the matter is placed on calendar, why petitioner should not be resentenced under Penal Code section 1170, subdivision (d)(1), based on the July 14, 2017 letter by the California Department of Corrections and Rehabilitation, which identified a potential sentencing error. (See People v. Hill (1986) 185 Cal. App. 3d 831, 833-834; see also People v. Loper (2015) 60 Cal. 4th 1155, 1165-1167.) The clerk of this court is directed to send the superior court a copy of the petition with exhibits and to serve it with this order to show cause. Upon receipt, the superior court is directed to file the petition in that court, appoint counsel for petitioner, set a briefing schedule for the parties, and set a hearing to determine whether petitioner should be resentenced under Penal Code section 1170, subdivision (d)(1). The clerk of this court is further directed to send the Secretary of the California Department of Corrections and Rehabilitation a copy of the petition with exhibits and to serve it with this order to show cause.

See In re WILLIAM RIVAS, Case No. B291009 (Cal. Ct. App.).

When the Secretary of the CDCR failed to respond to the court's order, plaintiff filed a motion in the superior court to urge the Secretary to comply. To date, the Los Angeles County Superior Court has not set a briefing schedule and the Secretary of the CDCR has not responded to the appellate court's order. Plaintiff claims their failure to do so violates his constitutional rights and has kept him incarcerated longer than he should be.

Plaintiff alleges a violation of his First, Eighth, and Fourteenth Amendment rights, as well as violations of the California constitution and California Penal Code § 1170(d)(1). He seeks damages, declaratory relief, and injunctive relief in the form of an order directing the defendants to comply with the California appellate court.

////

**III. Discussion**

**A. Failure to State a Claim**

To state a claim under section 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West, 487 U.S. at 48. Stated simply, plaintiff's allegation that the Secretary of the CDCR and the Los Angeles County Superior Court have not responded to the California appellate court's order in plaintiff's state habeas action does not implicate the Constitution or laws of the United States.

A habeas petition is also not the proper channel through which to obtain relief because the relief that plaintiff seeks here—an order directing the defendants to respond to the state appellate court—is not premised on an attack on the legality of his conviction or sentence and would not necessarily result in a speedier release. Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990).

It appears plaintiff may better be served by continuing to pursue his claim before the state appellate court and/or the Los Angeles County Superior Court. Either way, proceedings in this Court must be dismissed for failure to state a claim.

**B. Younger Abstention**

In addition, even assuming Plaintiff's complaint stated a cognizable claim—and it does not—the Court must dismiss it as required by the Younger abstention doctrine because it identifies an ongoing state court proceeding. In general, federal courts are required to abstain from interfering on ongoing state matters. Younger v. Harris, 401 U.S. 37, 43-45 (1971). Although Younger dealt with a criminal prosecution, the Supreme Court has extended the abstention principles to civil actions. Middlesex County Ethics Comm. v. Garden State Bar Assoc., 457 U.S. 423, 432 (1982); see also Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011).

The Younger abstention doctrine applies if four conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4)

4

the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

First, plaintiff's complaint identifies ongoing state court case. Second, the proceeding implicates the state's important interest of sentencing a convicted felon in compliance with state law. See Peterson, 708 F.2d at 466; Hernstadt, 373 F.2d at 217. Third, there is no indication that plaintiff could not challenge the holdings of the state court with an appeal. Finally, plaintiff's complaint seeks to insert the federal court into the ordinary course of state proceedings and, if permitted, would threaten the autonomy of the state court. Thus, the Court finds plaintiff's claims are also barred by the Younger abstention doctrine

**IV.    Conclusion**

For the reasons set forth above, plaintiff fails to state a cognizable claim, and the Court finds that granting plaintiff leave to amend his complaint would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Therefore, the Court **ORDERS** that a district judge be assigned to this case; and

The Court **RECOMMENDS** that this case be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

IT IS SO ORDERED.

Dated: __**April 5, 2019**__         __**/s/ Jennifer L. Thurston**__
UNITED STATES MAGISTRATE JUDGE